UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIYA HARRIRAM,<br><br><div align="center">Plaintiff,</div><br><div align="center">-against-</div><br>CITY UNIVERSITY OF NEW YORK; LEHMAN COLLEGE; SUSAN E. EBERSOLE; BRIDGET BARBERA,<br><br><div align="center">Defendants.</div> | 22-CV-9712 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, 42 U.S.C. § 1981, and Title IX of the Education Amendments of 1972, alleging that Defendants discriminated against her based on her race and national origin. The Court construes Plaintiff's allegations as also asserting related state-law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F. 3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint"). By order dated November 17, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

**A.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants the City University of New York, Lehman College, Susan E. Ebersole, and Bridget Barbera through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue summonses, complete the USM-285

forms with the addresses for the City University of New York, Lehman College, Susan E.

Ebersole, and Bridget Barbera, and deliver all documents necessary to effect service to the U.S.

Marshals Service.

SO ORDERED.

Dated:   January 24, 2023
         New York, New York

_____
         RONNIE ABRAMS
         United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  City University of New York
    205 East 42nd Street, 11th Floor
    New York, New York 10017

2.  Lehman College
    250 Bedford Park Blvd. West, Shuster Hall, Room 376
    Bronx, New York 10468

3.  Susan E. Ebersole
    250 Bedford Park Blvd. W, Shuster Hall, Room 310
    Bronx, New York 10468

4.  Bridget Barbera
    250 Bedford Park Blvd. W, Shuster Hall, Room 376
    Bronx, New York 10468