UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIYA HARRIRAM,

      Plaintiff,

      -against-

CITY UNIVERSITY OF NEW YORK, et al.,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/10/2023

22-CV-9712 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff, who is proceeding *pro se* in this action, alleges that she applied for a position as a notetaker at Lehman College, which is part of the City University of New York (CUNY), on August 10, 2022. Compl. (Dkt. 2) at ECF p. 9. After she was initially informed that Lehman College "would be able to hire" her, plaintiff learned that defendant Bridget Barbera caused CUNY to refuse to hire her, in retaliation for plaintiff having previously engaged in protected activity, namely, filing suit against CUNY and Barbera in 2021. *Id.* Plaintiff further alleges that the retaliation continued on September 15, 2022, when she was prohibited from attending a public event at Lehman College because defendant Susan E. Ebersole provided the school's public safety department with false statements. *Id.* at ECF p. 10. In September 2022, CUNY issued no-contact orders that prohibited plaintiff from contacting any of the defendants in her prior suit. *Id.*

    On the basis of these facts, plaintiff asserts claims for, *inter alia*, employment discrimination on the basis of plaintiff's race (Asian) and national origin (Trinidadian), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; discrimination on the basis of race, in violation of 42 U.S.C. § 1981; and violation of the New York City Human Rights Law. Compl. at ECF pp. 3, 5-6.

When she filed this action on November 14, 2022, plaintiff requested leave to proceed *in forma pauperis*. (Dkt. 1.) The Court granted that request. (Dkt. 4.) Also on November 14, plaintiff requested that the Court seek *pro bono* counsel to assist her in prosecuting her claims. Pro Bono Counsel App. (Dkt. 3) at 1. In her application, plaintiff states that she needs an attorney, but cannot afford one. *Id.* After the United States Marshals served process in this action, defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 23.) That motion is pending.

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that her claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Panjwani v. U.S. Sec. Assocs.*, 2014 WL 1870828, at *1 (S.D.N.Y. May 7, 2014) (quoting *Hodge*, 802 F.2d at 61) ("whether the indigent's position seems likely to be of substance" is the factor that "commands the most attention"). Thus, as noted on the application form that plaintiff filled out, "[R]equests for *pro bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at 1 (¶ 2). The Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not request that *pro bono* attorneys be appointed indiscriminately. *Cooper*, 877 F.2d at 172.

Here, as noted above, the Complaint has not yet been tested on the merits. A more fully developed record will be necessary before it can be determined whether plaintiff's chances of

success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, *i.e.*, after the resolution of the pending motion to dismiss.

The Clerk of Court is respectfully directed to close the motion at Dkt. 3.

Dated: New York, New York  
       August 10, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**