No later than **July 24, 2024**, plaintiff must file a letter explaining whether she has a problem with the proposed protective order. Defendants are instructed to promptly serve a copy of this memo endorsement on plaintiff by email. **SO ORDERED.**

**Barbara Moses**
**United States Magistrate Judge**
**July 17, 2024**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/24

**MEMO ENDORSED**

[STATE] OF NEW YORK
[OFFICE OF] THE ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

July 16, 2024

**By ECF**
The Honorable Barbara C. Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Harriram v. CUNY, et. al.*, 22-cv-9712 (RA) (BCM)

Dear Magistrate Judge Moses:

I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York, and counsel for Defendants in this matter. I write to respectfully request that the Court so-order the proposed Stipulated Protective Order (attached hereto as Exhibit A).

On June 14, 2024, I sent to Plaintiff, *pro se*, the proposed Stipulated Protective Order by both email and mail. I informed her that a Protective Order was necessary in order for the parties to exchange document discovery, including confidential materials. In my correspondence, I asked Plaintiff to let me know if she had any questions or edits regarding the terms of the Stipulated Protective Order, or to provide me with a signed copy that I would sign and file with the Court. Plaintiff provided no response regarding the proposed Stipulated Protective Order.

On July 8, 2024, I again emailed Plaintiff to request that she inform me if the proposed Stipulated Protective Order was acceptable, and, if so, to sign and return it to me. Plaintiff did not respond. Plaintiff has now been in possession of the proposed Order for four weeks and has not indicated whether she is amenable to the proposed Order, or whether she has any specific concerns with the proposed language.

As per the Case Management Plan (ECF No. 44), the parties' responses to Requests for Production are due on July 29, 2024. Defendants are prepared to provide their responses and objections to Plaintiff's Requests for Production by that date, together with a production of documents. However, because Defendants' production will contain confidential material, including Plaintiff's personnel file, and because Defendants have requested confidential information from Plaintiff, including information related to her claim of emotional damages, a Protective Order is necessary. *See, e.g., Weinstock v. Columbia University*, 1996 WL 658437, at *10 (S.D.N.Y. Nov. 13, 1996) (entitling Plaintiff to discovery of personnel files and other university materials but stating "the parties must enter into a confidentiality agreement which

Hon. Barbara Moses                                                                           Page 2
July 16, 2024

would limit the disclosure of the files to Plaintiff's counsel and other persons necessary for trial preparation.  Further, the files shall be used by Plaintiff only in this action and copies of any files produced shall be retained by Plaintiff's counsel.").

Defendants' proposed Protective Order is based on the Court's Model Protective Order, and contains standard provisions providing for the designation of certain materials as confidential and limiting their use to this litigation.  *See* Exhibit A.  Moreover, the Protective Order provides protections under Federal Rule of Evidence 502(d).

Accordingly, Defendants respectfully request that the Court So Order the proposed Stipulated Protective Order (attached hereto as Exhibit A).

Thank you for your consideration of this request.

Respectfully submitted,

 /s/ MARK R. FERGUSON
Mark R. Ferguson
Assistant Attorney General
(212) 416-8635
Mark.Ferguson@ag.ny.gov

cc: Priya Harriram (*pro se*) via mail