UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/22/2024__

PRIYA HARRIRAM,

              Plaintiff,

    -against-

CITY UNIVERSITY OF NEW YORK, et al.,

              Defendants.

22-CV-9712 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff Priya Harriram's October 16, 2024 letter-motion (Pl. Ltr.) (Dkt. 97), which seeks an order compelling defendants to produce any complaints made against Bridget Barbera, Dawn Ewing-Morgan, Eric Washington, or Aston Wilson, will be denied.

## Background

Plaintiff Harriram, who is currently a Lehman College student pursuing her second undergraduate degree, has filed at least four *pro se* lawsuits against the City University of New York (CUNY), of which Lehman College is a part, and various CUNY personnel.[1] In this action, filed on November 14, 2022, plaintiff alleges that CUNY and its Associate General Counsel, Barbera, retaliated against her for her previous lawsuits by refusing to hire her as a notetaker in August 2022, denying her entrance to an event hosted by the Lehman College School of Business in September 2022, and issuing no-contact orders, also in September 2022, preventing her from taking in-person math courses on the Lehman College campus. *See* Compl. (Dkt. 2) at ECF pp. 6,

---

[1] In her first three lawsuits – all of them unsuccessful – plaintiff alleged that she was sexually harassed by two Lehman College math professors from 2013 through 2017, and then fired from her job as a College Assistant in 2021 in retaliation for reporting the harassment. *See* Decision Order and Judgment, *Harriram v. Washington*, Index. No. 212/2022E (N.Y. Sup. Ct., N.Y. Co., Sept. 26, 2022) (dismissing plaintiff's Article 78 petition, which sought reinstatement as a College Assistant); *Harriram v. Fera*, No. 21-CV-3696 (RA), 2024 WL 1020266 (S.D.N.Y. Mar. 8, 2024) (dismissing plaintiff's first federal lawsuit, in part on *res judicata* grounds); *Harriram v. Fera*, No. 22-CV-3356 (RA), 2023 WL 4353824, at *1 (S.D.N.Y. June 30, 2023) (dismissing plaintiff's second federal lawsuit, on *res judicata* grounds).

9-12, 48-51; *Harriram v. City Univ. of New York*, No. 22-CV-9712 (RA), 2024 WL 1374804 (S.D.N.Y. Mar. 31, 2024) (dismissing portions of plaintiff's third federal lawsuit but permitting her to pursue retaliation claims under Title VII, 42 U.S.C. § 2000e-3(a); Title IX, 20 U.S.C. § 1681(a); the New York State Human Rights Law, N.Y. Exec. Law § 296(7); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7)).

During discovery, plaintiff requested the complete personnel files for defendant Barbera and two non-parties: Ewing-Morgan (a former Lehman College Vice President for Diversity and Human Resources) and Washington (the Lehman College Director of Human Resources). (Dkt. 79 at ECF p. 10.)[2] In particular, plaintiff asked to see "any complaints about retaliation/employment discrimination/discrimination/civil rights violation/or just complaints in general/demotion/disciplinary charges/professional disciplinary charges . . . /any other adverse action against anyone." (*Id*.) On September 10, 2024, plaintiff informally raised these requests during an otherwise-unrelated discovery conference, explaining that she was primarily interested in complaints made against Barbera. *See* 9/10/24 Tr. (Dkt. 92) at 33:9-35:1. I directed plaintiff to meet and confer with defendants' counsel "to narrow your request" before seeking judicial intervention, and advised the parties that it was "generally my practice," in cases such as this, to limit discovery to "prior similar complaints" for a reasonable period of time, "let's say five years." *Id*. at 35:18-36:5.

On September 13, 2024, defendants represented in writing that no formal complaints of retaliation or gender discrimination (other than by plaintiff herself) had been asserted against

---

[2] Barbera, Ewing-Morgan, and Washington were all named as individual defendants in plaintiff's prior federal lawsuits. In this action, plaintiff again accuses Barbera of misconduct, alleging that she was "the official in the Legal Department who . . . caused me not to be hired" for the notetaker position. Compl. at ECF p. 9. However, the Complaint does not describe any misconduct by Ewing-Morgan or Washington.

Barbera or Washington in the last five years. (Dkt. 80 at 3; Dkt. 80-3, at 2.) As to Ewing-Morgan, defendants "objected to providing any information," because "she is a non-party and there are no allegations that she had any involvement regarding plaintiff's claims in her Complaint." (Dkt. 80 at 3.) Thereafter, on September 19, 2024, plaintiff sent an email to defendants' counsel in which she renewed her request for Ewing-Morgan's personnel file, because she "was employed in 2022 when I was denied entry to the [business school] event as well as blacklisted from my hiring." (Dkt. 79 at ECF p. 6.) In the same email, plaintiff requested – for the first time – the personnel file for non-party Aston Wilson, a former Lehman College Security Specialist, adding, "I need this by tomorrow, Friday, September 24, 2024." (*Id*. at ECF p. 6.)[3] This was eleven days before the scheduled close of discovery on September 30, 2024. (*See* Dkt. 44 ¶ 4; Dkt. 71 at 1.) Defendants declined to produce any further documents. (Dkt. 79 at ECF p. 7.)

On September 24, 2024, plaintiff filed a letter-motion to compel unspecified discovery. (Dkt. 79.)[4] On October 8, 2024, after additional briefing (*see* Dkts. 80, 82, 84), I conducted a discovery conference, during which I gave plaintiff the opportunity to identify and explain the relevance of each item of additional discovery she sought. Towards the end of the conference, plaintiff requested production of all complaints made against Wilson and Barbera (but not Ewing-Morgan or Washington). As to Wilson, plaintiff stated that he had been "transferred from Lehman College," and theorized that he might have been transferred because he was "also aggressive to

---

[3] Wilson was the security officer who turned plaintiff away from the business school event. *See* Compl. at ECF p. 10. Plaintiff alleges that the reasons he gave for excluding her from the event were pretextual, and that she felt "harassed, humiliated and intimidated." *Id*.

[4] In her letter, plaintiff asked the Court to "compel CUNY to answer these questions because at the deposition the defendant does not recall for most of the questions and there are a lot of objections with empty answers." (Dkt. 79.) Although plaintiff attached multiple interrogatories and document requests, she did not attach defendants' responses, leaving the Court unable to determine what discovery had been refused. Nor did she explain the relevance of any of the information she sought.

other students." Defendants' counsel objected, arguing that the discovery sought would not be relevant to any claim asserted in this action because there is no allegation in the Complaint – and no evidence in the record – that Wilson was "aggressive towards [plaintiff] in any way." In any event, counsel stated, "I don't believe he was transferred; I believe he was promoted." As to Barbera, defendants' counsel reiterated that there were no relevant complaints against her during the past five years, and resisted any broader discovery.

At the conclusion of the conference, I directed defendants to supplement certain discovery responses, and gave them a deadline of October 22, 2024, to do so. *See* 10/8/24 Order (Dkt. 91) at 1. I did not, however, require defendants to make any further response to plaintiff's requests for complaints lodged against Wilson and Barbera. *Id*.

### Plaintiff's Letter-Motion

In her newest letter-motion, which in substance seeks reconsideration of the 10/8/24 Order, plaintiff argues that she "needs to know" whether Barbera, Ewing-Morgan, Washington, and Wilson "have prior complaints," because "this would indicate a pattern and history of discrimination and retaliation." Pl. Ltr. at ECF p. 2. Plaintiff argues that defendants' counsel provided "false information" during the October 8 conference about Wilson's transfer, which – she says – was not a promotion. *Id.* at ECF p. 1. Plaintiff attaches a printout from an unidentified website, which appears to indicate that, although Wilson has changed employers and received a substantial raise, his job title remains "College Security Specialist." *Id*. at ECF pp. 4-5. Plaintiff further argues that when she took Washington's deposition on September 26, 2024, he said "that there [are] complaints against himself." *Id.* at ECF p. 1. However, plaintiff does not attach the relevant deposition testimony. Nor does she explain why she failed to raise Washington's alleged testimony (or, for that matter, why she failed to request any further discovery concerning

Washington) during the October 8 discovery conference. Additionally, plaintiff asserts that she is aware of a case "in which a Plaintiff speaks about Mr. Washington and Mrs. Ewing-Morgan['s] behavior." *Id*. at ECF p. 1. However, neither Washington nor Ewing-Morgan was named as a defendant in the 11-year-old case she identifies. *See* Compl. (Dkt. 1), *Wallick v. Lehman College*, No. 13-CV-07533 (S.D.N.Y. Oct. 25, 2013).

In their responding letter, dated October 21, 2024, defendants point out that plaintiff had "multiple opportunities" to present argument regarding her request for prior complaints against all four individuals, and argue that she has no legitimate basis for "rehash[ing] those previously denied requests." Def. Ltr. (Dkt. 105) at 1. Defendants add that plaintiff's failure to raise Washington's deposition testimony during the October 8 conference is "reason enough to deny further discovery on this matter." *Id*. at 2.[5] Plaintiff's contentions as to Wilson are "similarly unavailing," defendants urge, because – regardless of whether he was promoted or transferred – plaintiff never alleged any facts "that would put prior complaints of discrimination or retaliation against him at issue." *Id*.

## Legal Standards

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 613, 614 (S.D.N.Y. 2000)). Under the "strict" standards applicable to such a motion, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked" and that "might reasonably be expected to alter the conclusion reached by the court." *Id*.; *see also* Local Civ. R. 6.3 (movant must set forth "the matters or controlling decision which [she] believes the

---

[5] Moreover, according to defendants, the only complaint Washington discussed during his deposition was the *Wallick* complaint. Def. Ltr. at 2 n.1.

court has overlooked"). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Reconsideration "rests within the sound discretion of the district court." *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Williams v. Rosenblatt Secs. Inc.*, 2016 WL 590232, at *4 (S.D.N.Y. Feb. 11, 2016)).

## <u>Analysis</u>

Plaintiff has not met the high bar required for reconsideration. As to defendant Barbera, plaintiff offers no "controlling decisions or data that the court overlooked," *Shrader*, 70 F.3d at 257, when limiting discovery to "similar" complaints made against Barbera for a five year period. Nor does she point to any newly-obtained evidence or previously unknown facts that "might reasonably be expected to alter the conclusion reached by the court." *Id*. There is thus no reason for this Court to disturb its prior ruling, which is consistent with decisions by other courts in similar cases. *See, e.g., Mayo-Coleman v. Am. Sugar Holding, Inc.*, 2016 WL 4533564, at *5 (S.D.N.Y. Aug. 9, 2016) ("[P]rior complaints should be disclosed only when: (a) the complaints are made by persons similarly situated to the plaintiff; and (b) they are of a nature similar to complaints made in the pending action."); *Sasikumar v. Brooklyn Hosp. Ctr.*, 2011 WL 1642585, at *4 (E.D.N.Y. May 2, 2011) (limiting discovery to complaints by employees of BHC's nursing department alleging discrimination and/or retaliation based on national origin, race, color or age for the years 2001 to 2005"); *Bolia v. Mercury Print Prods., Inc.*, 2004 WL 2526407, at *1 (W.D.N.Y. Oct. 28, 2004) ("Generally, '[o]ther claims of discrimination against a defendant are discoverable [only] if limited to the same form of discrimination . . . and if limited to a reasonable time before and after

the discrimination complained of.'") (quoting *Mitchell v. National Railroad Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002)); *Melendez v. Greiner*, 2003 WL 22434101, at *3 (S.D.N.Y. Oct. 23, 2003) ("other inmates' grievances or complaints" are discoverable to the extent they "allege conduct similar to that alleged in the Complaint" by the named defendants); *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (limiting discovery to "administrative gender-or age-based complaint[s]" filed against defendant "between 1978 and 1982").

As to non-party Ewing-Morgan, plaintiff similarly fails to identify any decisions or data that the Court overlooked when declining to compel disclosure of prior complaints against her, or any newly-discovered facts that might cause the Court to reconsider its conclusion. Indeed, plaintiff never explained – and still does not explain – what involvement (if any) Ewing-Morgan had in the 2022 events underlying this action. Absent that fundamental showing, there is simply no basis for any discovery into past complaints against Ewing-Morgan. Moreover, as noted above, plaintiff did not request any such complaints during the October 8 discovery conference. Having "failed to raise the issue with the Court at the appropriate time," *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011), plaintiff is not now entitled to re-open discovery for that purpose.

The same is true with respect to non-party Washington. Plaintiff premises her reconsideration request in part on testimony that Washington supposedly gave at his September 26 deposition, to the effect that there were "complaints against himself." Pl. Ltr. at ECF p. 1. But she apparently failed to ask Washington about the nature and vintage of those complaints (or has chosen to keep that information to herself), and has thus failed to demonstrate that the discovery she seeks is relevant to any issue in this case. Moreover, plaintiff did not mention Washington's deposition testimony during the October 8 discovery conference. Nor did she inform the Court,

7

during that conference, that she was seeking *any* additional discovery concerning prior complaints against Washington (beyond defendants' representation that no formal complaints of retaliation or gender discrimination had been asserted against him for the last five years). As to Washington, therefore, plaintiff's October 16 letter-motion represents an improper – and tardy – request for a "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144.

Finally, as to non-party Wilson, defendants are correct that the question whether he was promoted or merely transferred (and given a raise) is irrelevant to plaintiff's request for discovery of prior complaints against him. The Court denied that request because it was made too late (only eleven days before the discovery cut-off) and because – according to plaintiff – Wilson's role in turning her away from the business school event was clearly ministerial. *See* Compl. at ECF pp. 10-11 (alleging that when Wilson told her she could not attend, he "printed out an email . . . as to why I could not attend the event"); *id*. at ECF p. 32 (email from Public Safety Director Fausto Ramirez to multiple security officers, forwarding email from Vice President of Institutional Advancement Susan E. Ebersole, advising that plaintiff was "not permitted to join the event"). Moreover, since plaintiff has never alleged that Wilson was inappropriately "aggressive" with her, her speculation that he was transferred because he was "aggressive to other students" is irrelevant to any issue in this case.

### Conclusion

For these reasons, plaintiff's October 16, 2024 letter-motion (Dkt. 97) is DENIED.

Dated: New York, New York
October 22, 2024                         **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**